UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM FIRE AND CASUALTY
COMPANY,

    Plaintiff,

vs.

Michael Smith,

    Defendant.
_____/

Case No.
Honorable
Magistrate Judge

## COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND

Plaintiff State Farm Fire and Casualty Company ("State Farm") submits this Complaint for Declaratory Judgment and Jury Demand against Defendant Michael Smith, stating as follows:

### INTRODUCTION

1. Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 this is an action for declaratory judgment to determine and resolve questions of actual controversy concerning the availability and scope of insurance coverage, if any, for Michael Smith under a homeowners insurance policy issued by State Farm to his parents, Larry and Roxanne Smith (later defined herein as the "State Farm Policy").

2. This declaratory action stems from an underlying lawsuit against Michael Smith, among others, pending in the Circuit Court for the County of Monroe, State of Michigan, captioned: *The Estate of Daniel William Cessna v. Charles Roberts, et al.*, Case No. 13-34058-NI (the "Underlying Lawsuit").

3.	It is alleged in the Underlying Lawsuit that "[o]n or about March 3, 2011 Plaintiff's decedent, Daniel William Cessna was a passenger if [sic] a 1997 Pontiac Grand Prix motor vehicle being operated by Defendant decedent Charles Roberts, in a careless, reckless and negligent manner . . . when said Defendant decedent, Charles Roberts, did lose control of the vehicle and crashed into an [sic] concrete embankment and other objects, causing the wrongful death of your Plaintiff's decedent Daniel William Cessna, as hereinafter alleged." (See Underlying Complaint as Exhibit A, ¶ 9).

4.	Count IV is entitled "Dram Shop and Negligence, Defendant Michael Smith." Plaintiff alleges that "Defendant, Michael Smith, an adult, did provide alcoholic beverage to Charles Roberts, then a minor." (Id. at ¶ 37).

5.	It is alleged that "by his actions in providing alcoholic beverages to Charles Roberts, a minor, and others, [Michael Smith] did violate the Michigan Dram Shop Act, MCL 436.1701 et., seq." (Id at ¶ 38).

6.	Plaintiff further alleges "[t]hat as a direct and proximate result of the Defendant's provision of intoxicating liquors to Charles Roberts, in direct violation of Michigan's Dram Shop Act, and by reason of the at issue automobile accident causing the death of Plaintiff's decedent, Defendant, Michael Smith, was a proximate cause of all such injuries, damages and losses to Plaintiff and Plaintiff's decedent . . ." (Id. at ¶ 39).

7.	State Farm is currently providing a defense to Michael Smith against the allegations in the Underlying Lawsuit under a full and complete reservation of rights under the State Farm Policy and at law. The terms and conditions of State Farm's reservations of right are incorporated as if set forth in full herein.

8.  State Farm disputes whether it owes insurance coverage (defense and/or indemnity) to Michael Smith for the Underlying Lawsuit under the State Farm Policy and applicable law.

## THE PARTIES, JURISDICTION AND VENUE

9.  State Farm is incorporated in the State of Illinois, with its principal place of business in Bloomington, Illinois, and does business in this District.

10. Defendant Michael Smith is, upon information and belief, a citizen and resident of the Township of Erie, County of Monroe, State of Michigan.

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because diversity of citizenship exists between State Farm and the Defendant and the amount in controversy, based on the allegations in the Underlying Lawsuit of wrongful death, exceeds $75,000.00, exclusive of interest and costs.

12. This Court has personal jurisdiction over Michael Smith because he is domiciled within the State of Michigan and in this District.

13. Venue is appropriate pursuant to 28 U.S.C. § 1391(a) because Michael Smith resides within this District, and the alleged events giving rise to the Underlying Lawsuit occurred in this District.

## THE INSURANCE POLICY

14. State Farm issued Homeowners Policy, Policy No. 22-KU-4614-6, to first named insureds Larry and Roxanne Smith, for the policy period of November 19, 2010 to November 19, 2011 (the "State Farm Policy").  (See Exhibit B, certified copy of the State Farm Policy).

15. The State Farm Policy includes various insuring agreements, provisions, definitions, terms, conditions, exclusions and endorsements, and State Farm incorporates the State Farm Policy in its entirety as if stated herein.

16. The State Farm Policy sets forth in pertinent part:

\*   \*   \*

### SECTION II – LIABILITY COVERAGES

**COVERAGE L – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an **insured** for damages because of a **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence,** we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence,** equals our limit of liability.

### SECTION II – EXCLUSIONS

1. Coverage L and Coverage M do not apply to:

   a. **bodily injury** or **property damage:**

      (1) which is either expected or intended by the **insured;** or

      (2) which is the result of willful and malicious acts of the **insured;**

   \*   \*   \*

   e. **bodily injury** or **property damage** arising out of the ownership, maintenance, use, loading or unloading of:

   \*   \*   \*

4

  (2) a **motor vehicle** owned or operated by or rented or loaned to any **insured;** or

 f. **bodily injury** or **property damage** arising out of:

  (1) the entrustment by any **insured** to any person;

  (2) the supervision by any **insured** of any person;

  (3) any liability statutorily imposed by any **insured;** or

  (4) any liability assumed through an unwritten or written agreement by any **insured;**

with regard to the ownership, maintenance or use of any . . . **motor vehicle** which is not covered under Section II of this policy;

   \*  \*  \*

## DEFINITIONS

   \*  \*  \*

7. "**occurrence**", when used in Section II of this policy, means an accident, including exposure to conditions, which results in:

 a. **bodily injury;** or
 b. **property damage;**

during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence.**

   \*  \*  \*

## COUNT I – DECLARATORY JUDGMENT OF NO COVERAGE UNDER THE STATE FARM POLICY

17. State Farm incorporates by reference the preceding paragraphs as though fully set forth in this Count I.

18. State Farm seeks a declaration from this Court as to State Farm's obligations, if any, to Michael Smith with respect to the Underlying Lawsuit under the State Farm Policy and applicable law.

19. Coverage exists under the State Farm Policy (assuming all other policy terms and conditions are satisfied) for "bodily injury" caused by an "occurrence."

20. State Farm seeks a declaration that no insurance coverage exists for Michael Smith for the Underlying Lawsuit because the injuries alleged in the Underlying Lawsuit were not caused by an "occurrence," as defined by the State Farm Policy.

21. State Farm also seeks a declaration that no insurance coverage exists for Michael Smith for the Underlying Lawsuit because the injuries alleged in the Underlying Lawsuit, to the extent caused by an "occurrence," were expected or intended by Michael Smith, and are therefore excluded by the "expected or intended" exclusion.

23. State Farm also seeks a declaration that no insurance coverage exists for Michael Smith for the Underlying Lawsuit because the injuries alleged in the Underlying Lawsuit, to the extent caused by an "occurrence," were the result of willful and malicious acts of Michael Smith, and are therefore excluded by the exclusion for willful and malicious acts of the insured.

25. State Farm also seeks a declaration that it is entitled to reimbursement of all defense costs advanced by it in the defense of Michael Smith in the Underlying Lawsuit.

26. Certain other provisions in the State Farm Policy may also apply to preclude coverage for the Underlying Lawsuit. State Farm reserves its right to decline coverage at a later date based upon, but not limited to, the following grounds:

    a. To the extent that the injuries alleged in the Underlying Lawsuit arise out of the ownership, maintenance, use, loading or unloading of a motor vehicle owned or operated by or rented or loaned to any insured, there is no insurance coverage under the State Farm Policy for the Underlying Lawsuit.

    b. To the extent that the injuries alleged in the Underlying Lawsuit arise out of the entrustment by any insured to any person with regard to the ownership, maintenance or use of use any motor vehicle which is not

       covered under Section II of the State Farm Policy, there is no insurance coverage under the State Farm Policy for the Underlying Lawsuit.

    c.    To the extent that the injuries alleged in the Underlying Lawsuit arise out of the supervision by any insured of any person with regard to the ownership, maintenance or use of use any motor vehicle which is not covered under Section II of the State Farm Policy, there is no insurance coverage under the State Farm Policy for the Underlying Lawsuit.

    d.    To the extent that the injuries alleged in the Underlying Lawsuit arise out of any liability statutorily imposed by any insured with regard to the ownership, maintenance or use of use any motor vehicle which is not covered under Section II of the State Farm Policy, there is no insurance coverage under the State Farm Policy for the Underlying Lawsuit.

    e.    To the extent that the injuries alleged in the Underlying Lawsuit arise out of any liability assumed through an unwritten or written agreement by any insured with regard to the ownership, maintenance or use of use any motor vehicle which is not covered under Section II of the State Farm Policy, there is no insurance coverage under the State Farm Policy for the Underlying Lawsuit.

27.    State Farm also reserves the right to rely upon all additional policy terms, definitions, exclusions, conditions, and endorsements not specifically identified herein that do or may potentially limit or preclude insurance coverage to Michael Smith under the State Farm Policy for the Underlying Lawsuit.

## **REQUEST FOR RELIEF**

WHEREFORE, State Farm respectfully requests and prays for the following relief:

    a.    A declaration that State Farm owes no duty to defend Michael Smith under the State Farm Policy for the Underlying Lawsuit;

    b.    A declaration that State Farm owes no duty to indemnify Michael Smith under the State Farm Policy for the Underlying Lawsuit;

    c.    A declaration that State Farm is entitled to reimbursement of the fees and costs it has incurred to date and which it may incur in the future with respect to the defense of Michael Smith against the allegations in the Underlying Lawsuit;

    d.    A declaration that State Farm is entitled to the fees and costs arising from this action, including, without limitation, reasonable attorney's fees; and

    e.    A declaration or an award to State Farm of such other further relief that this Court deems just, proper and equitable.

## JURY DEMAND

Plaintiff State Farm hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 and 39.

Respectfully submitted,

s/ *David A. Dworetsky*
Kenneth C. Newa (P43497)
David A. Dworetsky (P67026)
PLUNKETT COONEY
Attorneys for Defendant State Farm
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI  48304
(248) 901-4014
ddworetsky@plunkettcooney.com

DATED:  May 16, 2013

Open.21824.30968.12895013-1